UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DONNA L. CRAWFORD-GONZALEZ-TODD *et al.*,   Plaintiffs,

v.   Civil Action No. 3:15-cv-860-DJH

AMERICAN LEGION #262 *et al.*,   Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

By Order entered January 19, 2016 (DN 4), the Court directed Plaintiff Todd III to clarify his full name; sign the signature page of the complaint and return that page to the Court for filing; and fully complete an application to proceed without prepayment of fees and return it to the Court for filing. The Court further directed Plaintiff Donna Crawford-Gonzalez-Todd to advise this Court in writing whether she is represented by counsel in this case or whether she is proceeding without counsel. The Court warned that the Plaintiff or Plaintiffs who failed to comply with the Order within 30 days would be dismissed from this action for failure to prosecute and for failure to comply with an Order of this Court. Over 30 days have passed without any response by either Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se*

litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Due to Plaintiffs' failure to respond to the Court's Order, the Court will dismiss the action by separate Order.

Date: March 4, 2016

                                                **David J. Hale, Judge**
                                               **United States District Court**

cc:     Plaintiffs, *pro se*
4415.005